[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sheets v. Chief of Police, Cedar Point Police Dept.,* Slip Opinion No. 2015-Ohio-3309.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3309

THE STATE EX REL. SHEETS, APPELLANT, *v.* CHIEF OF POLICE, CEDAR POINT POLICE DEPARTMENT, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sheets v. Chief of Police, Cedar Point Police Dept.,* Slip Opinion No. 2015-Ohio-3309.]**

*Inmates—Civil actions—Affidavits—R.C. 2969.25's requirements for affidavits filed by inmates commencing civil actions against government entities or employees do not apply to federal inmates—Dismissal of public-records mandamus action reversed—Cause remanded.*

(No. 2014-2166—Submitted May 5, 2015—Decided August 20, 2015.)

APPEAL from the Court of Appeals for Erie County, No. E-14-0126.

_____

**Per Curiam.**

{¶ 1} We reverse the dismissal of this case in which relator, Daniel Sheets, a federal inmate, made a public-records request of respondent, the chief of police of the Cedar Point Police Department.  Sheets sued in mandamus on November 7,

2014, in the Sixth District Court of Appeals, alleging that respondent failed to provide the requested records.

{¶ 2} Respondent filed no response to the complaint, but on December 2, 2014, the court of appeals nevertheless dismissed the case, finding that Sheets failed to comply with R.C. 2969.25(C)(2), which requires an inmate's affidavit of indigency in a suit against a government entity or employee to contain a statement of the inmate's assets.

{¶ 3} Sheets argues in his brief that R.C. 2969.25(C) should not apply to him because he is not filing a civil action against a government entity or employee. However, Sheets also asserts in his complaint that respondent is "a governmental employee," that he "performs a governmental function," and that he "operates on behalf of the state." Sheets's arguments are therefore without merit.

{¶ 4} However, the definition of "inmate" for purposes of R.C. 2969.25 is "a person who is in actual confinement in a *state* correctional institution * * *." (Emphasis added.) R.C. 2969.21(D). The definition does not include persons in confinement in federal prison. *Id.* Sheets is an inmate in a federal prison, not a state prison. For that reason, the court of appeals erred in dismissing Sheets's complaint for failing to comply with R.C. 2969.25.

{¶ 5} We therefore reverse and remand the case for further proceedings.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Daniel Sheets, pro se.

_____